UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRACEY A. HARDY,

    Petitioner,

    v.                                       CAUSE NO. 3:18-CV-640-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Tracey A. Hardy, a prisoner without a lawyer, filed a habeas corpus petition challenging his conviction and 41-year sentence for dealing cocaine imposed by the Elkhart Circuit Court on May 14, 2015, in case number 20C01-1310-FA-56. ECF 2. Pursuant to the court's show cause order, the Warden filed a response to the petition with the State court record. ECF 18, 19. Hardy filed his traverse (ECF 21), followed by several supplements and motions, the most recent motion having been filed in September of 2019. *See* ECF 23, 24, 25, 29, 30, 31.

Hardy has also filed several letters, including one that was originally sent to and requests advice from the court of appeals regarding the appellate process; a copy of a motion to proceed in forma pauperis on appeal was attached to that letter. ECF 33; *see also* 28, 32, 34. Of note, Hardy has not filed a notice of appeal. However, to the extent he did wish to appeal in forma pauperis at that time, it would have been denied as frivolous because the court had not yet ruled on Hardy's motions or issued a final order on his habeas corpus petition.

As to the current pending motions, Hardy begins by filing a "Petition to Enter Evident Facts Already a Part of the Records from Trial." ECF 24. He wishes to "bring to light" evidence—specifically with regard to a cell phone and drug buy money—that he maintains is already a part of the state court record. To the extent Hardy wishes to introduce physical evidence or documents that are already part of the state court record, his request is moot as the Warden has produced the record, including the trial exhibits. *See* ECF 18, 19, 19-2. To the extent Hardy argues that the aforementioned evidence should have been suppressed prior to trial, he has raised that argument in several sections of his habeas corpus petition; the court will address Hardy's contentions when it rules on the underlying petition, so the separate motion will be denied as unnecessary.

Next, Hardy filed a "Motion to Compel for Production of Evidence Order." ECF 25. In it, he asks the court to order the "attorney's office of Elkhart County" and "all law enforcement officers a part of the case" to "disclose any and all tangible items" related to the pretrial discovery in his underlying criminal case. *Id.* at 1. He specifically references: (1) audio recordings mentioned in the warrantless arrest probable cause affidavit dated October 8, 2013; (2) "any and all documents obtained from or in the state possession of any investigator, legal assistance, [or] clerk assist" in his underlying criminal case; and (3) the cooperating source's criminal history. *Id.* at 1–2.

28 U.S.C. "§ 2254(e)(2) restricts a petitioner's attempts to supplement the factual record, [so he] must satisfy that provision's requirements before he may place new factual information before th[is] court." *Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001).

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
> > (A) the claim relies on-
> > > (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

> In *Williams v. Taylor,* 529 U.S. 420, 437 (2000) (*Williams II* ), the Court explained that "failed to develop the factual basis," as used in this opening clause of § 2254(e)(2), is a "conditional clause" which must be satisfied before the remainder of § 2254(e)(2) comes into play. *Id.* at 431. The Court further stated that this clause "directs attention to the prisoner's efforts in state court": "Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.* at 431-32. In other words, "[t]he question is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts." *Id.* at 435. If [the petitioner] establishes that he was diligent in his attempts to develop the factual record in the state court, he does not have to satisfy the remaining provisions of § 2254(e)(2) in order to obtain an evidentiary hearing. *See id.* (stating that "only a prisoner who has neglected his rights in state court need satisfy these conditions").

*Owens v. Frank*, 394 F.3d 490, 499 (7th Cir. 2005) (parallel citations omitted).

Here, Hardy states that his request is "not a mere fishing expedition" and that the evidence requested was never presented to him throughout the history of the case. ECF 25 at 2. However, his motion does not specifically explain what efforts he made to

3

obtain the requested information or when he made them. Because his motion does not demonstrate either that he qualifies to expand the record nor that the material he is asking to submit would be relevant, the motion will be denied.[1]

Hardy has filed what he calls a "Petition of Summation." ECF 29. In it, he appears to summarize the record, again arguing that the drug buy money and cell phone were improperly admitted at trial. He cites to Rule 16 of the Indiana Rules of Trial Procedure and seems to suggest that a pretrial conference is (or was) warranted. Such a conference has no place in this federal habeas proceeding at this time, and the merits of his arguments will be addressed when the court rules on his underlying petition. Therefore, the motion will be denied.

Hardy has also filed a "Petition of Plain Error 'Miscarriage of Justice.'" ECF 30. In it, he argues that a miscarriage of justice was committed when he was arrested without a warrant or probable cause, that evidence of the drug buy money, drugs, and cell phone should have been suppressed, and that both the trial and appellate courts erred by misapplying the standard when addressing this information. To the extent Hardy argues that the state courts violated their own procedural rules, it should be noted that federal habeas corpus does not reach errors of state law. *Johnson v. Bett*, 349 F.3d 1030, 1037 (7th Cir. 2003). Moreover, because Hardy makes essentially the same arguments

---

[1] Importantly, Hardy repeatedly asserts in his habeas corpus petition that the audio recordings mentioned in the warrantless arrest probable cause affidavit do not exist, which—according to Hardy—demonstrates that he was arrested without probable cause because the affidavit contained false information. *See e.g.* ECF 2 at 3, 4; ECF 2-2 at 10. It is unclear why Hardy is requesting audio recordings he maintains do not exist. Moreover, his request for "any and all documents" related to the investigation is extraordinarily vague, and he does not explain how the confidential source's criminal history would be relevant to any of the grounds set forth in his habeas petition.

4

regarding the arrest and evidence in his original petition—which has yet to be ruled on by the court—the motion is duplicative and will be denied as unnecessary.

Finally, Hardy has filed a "Petition of Jurisdictional Authority 2254 Under 4th Amendment Const. Fruit of the Poisonous Tree." ECF 31. Hardy yet again argues that he was unlawfully arrested, that all evidence obtained during the warrantless search incident to arrest should have been suppressed, and that it was improperly admitted at trial. To the extent the motion argues that this court has "jurisdictional authority" to consider his claims, he is correct; yet, it is unnecessary to file a motion to establish the court's jurisdictional authority, so the motion will be denied. That said, whether he can actually *obtain* collateral relief in federal court on a Fourth Amendment claim depends on whether the state court deprived him of a full and fair opportunity to litigate the claim. *See Stone v. Powell*, 428 U.S. 465, 481-82 (1976); *Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005). That issue will be addressed when the court rules on Hardy's underlying habeas corpus petition.

For these reasons, the court DENIES the motions (ECF 24, 25, 29, 30 & 31). The habeas corpus petition (ECF 2) remains pending.

SO ORDERED on March 26, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT